

# Missouri Court of Appeals

## Southern District

### Division One

| | | |
|---|---|---|
| STATE OF MISSOURI, | ) | |
| | ) | |
| Respondent, | ) | |
| | ) | |
| vs. | ) | No. SD32930 |
| | ) | |
| TORRANCE REED, | ) | FILED: September 10, 2014 |
| | ) | |
| Appellant. | ) | |

APPEAL FROM THE CIRCUIT COURT OF DUNKLIN COUNTY

Honorable Joe Z. Satterfield, Judge

**<u>AFFIRMED</u>**

Torrance Reed appeals his convictions for robbery and felonious restraint. The victim died after the preliminary hearing, which was not recorded. At trial, the prosecutor called witnesses to relate what the victim had said at preliminary hearing. Reed claims this violated the Confrontation Clause. We affirm the convictions.

## Background

Afoot at a friend's home in Kennett, the victim offered $20 for a ride to his grandmother's trailer. He left in a car with two men and a female driver, none of whom he knew. As they approached the trailer park, one man told the female to

keep driving. They drove on into the country, where the men robbed the victim and pushed him out of the car. The victim walked to a house and reported the robbery. Investigation quickly led to arrests and charges against Reed and Brittany Jarrett. Later, Lavirous Turner also was apprehended and charged.

The only real issue at Reed's trial was whether he was involved. As Reed's lawyer put it in closing argument, the "lynchpin" and "key witness" was Brittany Jarrett – driver of the car, co-defendant, and mother of Reed's child. She testified for the prosecution, corroborated the victim's account,[1] provided further details and information, identified Reed and Turner as the robbers with her, and stated that Reed had been with her all that day. In contrast, Reed, a two-time felony offender, testified that he never left his home that day. It took jurors only 46 minutes to resolve the credibility contest and find Reed guilty.

### Complaint on Appeal / Analysis

As we have noted, the victim died (of unrelated causes) after the preliminary hearing, which was not recorded. At trial, the prosecutor called two attendees of that preliminary hearing to describe the victim's prior testimony. Reed complains that this procedure violated the Confrontation Clause. We disagree.

The Sixth Amendment's Confrontation Clause guarantees an accused's right to confront witnesses against him. *State v. Turner*, 242 S.W.3d 770, 775 (Mo.App. 2008). This means that prior preliminary hearing testimony and other "testimonial"

---

[1] The sheriff had interviewed the victim and typed up his statement, which the victim signed, all within hours after the robbery. The sheriff testified at Reed's trial and read the victim's statement to the jury. Reed does not complain about this evidence on appeal.

proof is inadmissible unless the witness is unavailable and the defendant had "a prior opportunity for cross-examination." ***Crawford v. Washington***, 541 U.S. 36, 68 (2004). ***Crawford***'s "core principle" renders prior preliminary hearing testimony admissible only if a defendant had adequate opportunity to cross-examine. ***State v. Aaron***, 218 S.W.3d 501, 506 (Mo.App. 2007).[2]

Yet Reed does not contend that he lacked adequate opportunity to cross-examine any witness at any time, either at preliminary hearing or during trial. This failure to even suggest some issue or problem with Reed's opportunity for cross-examination dooms any Confrontation Clause complaint. We affirm the judgment and convictions.

DANIEL E. SCOTT, J. – OPINION AUTHOR

JEFFREY W. BATES, J. – CONCURS

WILLIAM W. FRANCIS, P.J./C.J. – CONCURS

---

[2] Missouri Court Rule 22.09 gives defendants the right to cross-examine preliminary hearing witnesses, so "it can only be said that *Crawford* was violated if that opportunity was inadequate." ***Aaron***, 218 S.W.3d at 506.